The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable James A. Kinect presiding. Good afternoon. This is our case number 422-0273 Howard v. Rebitzer Properties, LLC and Lemongrass Cafe. For the appellant, please state your name for the record. Attorney Kylie Franklin for the appellant. Thank you. And for the appellees? Bill Bush on behalf of Appley Rebitzer. And Brandon Lobrecht on behalf of Appley Lemongrass Cafe. Thank you. You may, the appellant may proceed. Thank you, Your Honor. First, I would just like to point out the standard of review in this case, which is de novo. It means the appellate court can look at the facts independently and is not required to give deference to the trial court. Furthermore, I just want to point out that the appellants in this case, in their complaint, we have made negligence claims outside of violations of just the local city building code. Just to be clear on that point as well. Then kind of getting into the meat of the matter here. First issue is whether my clients, the appellants, were trespassers or not at the time of their injuries. We assert that they were not, or at least there's a genuine issue of material fact as to whether they were or not at the time of their injuries. First of all, they did not enter upon the premises or the property. I don't believe there's any proof in the record that they did. They were on the public sidewalk at the time of the incident outside of the defendant's building. They only came to be inside of the building and maybe just even a part of their body inside of the building somewhat. If at all due to the inadequacy of the defendant's window that abutted the public sidewalk. Therefore, they were not trespassers at the time of their injuries. So Ms. Franklin, if they're not trespassers, what are they? I think they're invitees on the public sidewalk. That's not a public, that's not an invitee of the premises, right? Yes, so I think what we're looking at here is a timeline of sorts where the plaintiffs were hurt prior to their entrance upon the premises. They were still on the public sidewalk when they were injured. And then perhaps a body part touched the glass and then went through the glass and into the building. They themselves were never inside the building. And if you look at the South Sea versus Drago case, which is 145 Ill App 3D 348, Illinois Supreme Court, 1986, an entrance status is determined at the time of their injury. And I think that at the time of their injuries, they were still an invitee on the public sidewalk. I think the Racky case is also telling. But telling us that they're an invitee on the public sidewalk, that doesn't add up. Premises liability means they've got to be an invitee for the subject premises. Yes, Your Honor. My argument is that the premises owners, the defendants in this case, did have control over the public sidewalk and that they held it open to the public and that that was the reason they were invitees of the defendants in this case. What basis is there in the record to conclude anything other than this is a public sidewalk that runs in front of that business and other businesses? I think it's the fact that they had some control over it in that they had to take care of it in instances, perhaps shoveling the snow or whatnot on the sidewalk. So I think that gives them some control over that area. So that would be true at your house to them, right? Yes, it would be. Yes, Your Honor. But is that true then for every every business up and down a sidewalk? I would say arguably, yes, I think there's a duty to the public from the building owners that they owe the public to maintain a sidewalk area in proper fashion. Yes. Is there in the record whether this is on their property, the sidewalk? I don't believe it's in the record or not, Your Honor. I don't recall that being in there. Getting back to the to the Racky case, which I think is important to this case in Racky, the bicyclist fell through a plate glass window after he set his hand on the window to study himself. I think the facts of that case are very similar to the facts of this case. Here are my clients were on the public sidewalk and were not trespassers at the time of the incident. But they were on the public sidewalk that was, like I said before, under some extent under defendants control. So my argument is that defendants held their sidewalk open to the public, making the plaintiffs invitees. They don't have they don't have a choice on that. Right. They could not allow the public on the sidewalk. I suppose they could put up barriers if they if they chose to. I'm not sure the city would let them get away with that. Yeah, that's and that's why I'm asking. Could they really do anything but leave it open to the public? I'm not sure the answer to that, Your Honor. I'm not sure what the city rules or implications would be in that regard. In this case, plaintiffs remained outside of the building, like in the Racky case. Therefore, I assert that, like in the Racky case, that duty of care should be owed here to my clients. Even considering that if plaintiffs are found to be trespassers on defendants property, like I said, they didn't become trespassers until after the window broke. And after that, can I also ask you, though, you didn't raise the issue of their status as trespassers until the motion to reconsider. That wasn't a contested point, at least not in the record. It was, Your Honor. It was mentioned in the original hearing, which we do not have the transcript of because the court did not record it until the very end. Your Honor. Right. And so that's that's not in the record, then not in the record that's in front of you, but it was raised at that time, Your Honor. So so I assert that they did not become trespassers until after the window broke and then they may have entered defendants property. I think this is on point with the Eshoo case where the status of the plaintiff in that case was disputed at the time of the injury. And that court found that if the status is disputed at the time of the injury, it should be left to the jury to decide what the status of the plaintiff is. I also take this time to point out that that summary judgment is appropriate when there are no genuine issues of material fact. And summary judgment is a drastic measure that should only be granted if the movements right to judgment is clear and free from doubt. And I think the court, the trial court erred in applying that standard in this case, as I'll go on to show you. I also want to point out just a common sense kind of thing that making a person a trespasser that simply comes into contact with a building would be someone somewhat ridiculous. For instance, the trial court's ruling, if taken to its full extent, could could mean that if someone leans on a building to tie their shoe, they're considered a trespasser and no duty is owed to them if something happens on the outside of the building. I think that's that that's ridiculous. I don't know that that's the intent of Illinois law here. I think that landowners have some sort of duty to maintain the outside of their buildings or the facade of their buildings for the benefit of the general public at large. Well, that's certainly an accidental, although maybe in that instance, more intentional, but the restatement talks about an accidental entry being the same as a trespasser. So why would we not follow the restatement? Well, I think the restatement does say accidental means trespasser as well. But I like I said, I think there's a timeline that we have to look at here. And that timeline is at the time of their injuries. Were there trespassers? Were they trespassers being my clients? And I don't think they were at that time because they were still on the public sidewalk. They simply came into contact with the window. And at that time they were injured. Right. But the windows in the premises, it's on the other side of the imaginary line. I think that that's where we come into a conundrum of sorts, because maybe the real issue here is where is the line of the premises? Is it right where the window hits or is it a little further in or or I think that might be part of the issue here. But there's nothing in the record. I mean, your allegations say that the window was on their premises. Yes, your honor. I think you might be in trouble if it wasn't because then you might not have the right defendant. But yes, there's really no no basis in the record to question that this glass was on the defendant's premises. I would almost argue that part of it is on the defendant's premises. Well, some of it is facing the public sidewalk and therefore still under their control, but not necessarily on their premises. It's on the outside of their premises on the outside of their building. Well, typically people don't build over the property line. Yes, that is that is true. You don't think that that happened here? No, I don't know. So if you're touching the building, you're touching their property on their side of the line. Yes, I would agree with that, your honor. But as I said, common sense would say that there is some duty owed to the to those on the sidewalk that touch the outside of a building. Let's say that they touch the outside of the building and for some reason a brick falls out and injures them. I think that there's some duty owed to to those people on the sidewalk as well. Furthermore, I think that genuine issues of material fact remain in this case as to duty. Specifically, the trial court did not acknowledge plaintiff's expert report or acknowledge the fact that I'm getting across here that that there's an idea that a duty is owed to the public on the sidewalk by the abutting property owners. Well, the expert report was not in compliance with Supreme Court Rule one ninety one during the motion for summary judgment. Correct. That is correct. For the original motion for summary judgment from the defendant, Lemongrass Cafe. Now, at that, the defendant, Lemongrass filed their motion for summary judgment, then defendant Ribitzer attempted to join in that motion as well. The court initially denied them that right. Then we held a separate hearing on on Ribitzer properties, joined her and said motion and the granting of their motion for summary judgment, at which time I had corrected the issues in regards to Illinois What was that not on reconsideration. I would argue, yes, it was on reconsideration for Lemongrass Cafe, but it was the initial hearing regarding Ribitzer properties motion for summary judgment. As it had not been heard prior because the court refused to. Correct. So I just want to point out that our expert notes that building owners typically do owe a duty to those on public sidewalks, and specifically because building codes are directed at the outside, or the facade of the building for public policy reasons so someone can't just let a building deteriorate to the point where it's dangerous to the public at large. So, we assert that the defendants owed a duty to our clients that were on the public sidewalk, and they breach that duty by allowing a dangerous and hazardous glass to be present abutting such a highly traffic sidewalk area. Defendants still own the outside of the building and should be responsible for it as well. As I said not finding this to be true could lead to large public policy implications and putting the public at large, at higher risk of danger and injury on public sidewalks abutting privately owned buildings. I would assert that clearly landowners have a duty to at least maintain and inspect the outside of their building as well as the inside including the windows, so as not to have them in a highly dangerous condition to the public as was the case here, where broken in this case. Did you say the picture showed it loose. You can see it's loose in the frame. The trial court also aired in finding injuries to the plaintiffs, and the dangerousness of the plate glass window were not foreseeable, and that requiring defendants to be responsible was too high of a burden in this case. This is where I point to the fact that if the court does find that plaintiffs for trespassers, a duty can still be owed by defendants, based on the artificial condition exception to the trespasser rule. And that exception is when a property owner knows or should have known that trespassers may be present or acquiesces to the presence of trespassers. If this exception applies the property owner owes a duty of reasonable care and may still be liable for mere negligence. Isn't that basically out of the lead case. Yes, yes, that's where we say to the lead case, dealing with a highly dangerous condition. Yes, a highly dangerous artificial condition. And yes, I was just about to get into the lead case where someone was able to walk from a public sidewalk on to the Chicago Transit Authority rails and injured themselves when they urinated on the third rail. I think that that case is where the Illinois courts adopt the restatement second of tort section 337, which notes the exception for duties owed to trespassers. Furthermore section 12 of the restatement provides a definition of reason to know that is included in section 337 in it reason to know is defined as meaning that the possessor of land has information from which an entity of reasonable intelligence, or the superior intelligence of the actor could infer that the fact in question exists or would govern its conduct upon the assumption that it does exist. Now I would argue that the case at hand is very close to the lead case in that the public sidewalk abutted the building directly in our case, which is similar to the public sidewalk abutting the third rail tracks. And I think in that case there was about a six and a half foot difference in distance. So our case is even closer than that. In the case of hand the trial court relied heavily on a notice requirement for this artificial dangerous condition exception to apply, which I believe pursuant to the lead case was an incorrect determination. The lead case sites to Webster which is an Arizona case that notes that the actual notice requirement that's noted in comment a to the restatement section 337 does not trump the reason to know requirement. So according to the league court, you just what's the reason to know here. So the reason to know here is the fact that the trial court took judicial notice that in this area. There are lots of bars and restaurants, and at night it becomes quite busy in the area. He took judicial judicial notice of those facts. So I would say that that puts them on at least notice that there's the potential that someone could touch that window and or go through it. And according to the league court, you just have to be aware of the possibility that others will come into dangerous proximity to the dangerous condition. I think we've set forth enough facts in the record and the trial court took judicial notice of the same, that there's a genuine issue of material fact here and summary judgment was incorrectly granted. So, especially given the highly trafficked area, and I think this issue should be left to the jury to decide if the exception applies or not. I'm here the situation that occurred is not so remote or unlikely as the trial court alleges in its ruling. For instance, you can look at other cases like rocky where people on the sidewalk have gone through windows in the past. So I don't think the facts of this case are so clear cut that summary judgment was properly granted here. The trial court should have given weight to the possibility of this situation occurring, given the fact that the trial court took judicial notice that of the fact that there were a lot of bars in the area, and that it was a highly trafficked public sidewalk. The, the heroes case which is a new Illinois Supreme Court case and that's q u i r o z. It was just published September of this year states that the question is an objective one, not a subjective one when looking at section 337. Therefore, prior incidents are not required for section 337 to apply pursuant to Illinois case law. Therefore, again, we believe we've raised genuine issues of material fact as to defendants reason to know of the danger of trespassers or that there could be trespassers, and the trial court failed to take this into consideration and ruling on the summary judgment motion and failed to give all inferences to us the non moving party. Additionally, like in the lead case plaintiffs had no way to discover the dangerousness of this plate glass window. They weren't inspecting the window they were required to do so, which is like the lead case and that that plaintiff had no way to know that third rail was dangerous as well. The lead court also notes other facts to consider, such as the likelihood of injury, and which in this case is high and. And the magnitude of the burden of guarding against the injury in this case as well you can put in a new window, and the consequences of putting the burden on the defendant which is also low. That's all your time's expired whether from young rebuttal. Lobber X. Yes. Thank you, Justice, may please the court counsel. Introduce myself earlier my name is Brandon Loverett, and I represent the defendant happily when the grass cafe. We believe that the circuit court correctly resolve this matter through summary judgment, and that the dismissal of the plaintiffs claims against the defendants should be upheld. Starting off with the issue of the classification of the plaintiff says trespassers, we think the court logically analyze this because you have to start with the framework of what is the relationship between the parties to determine what is the potential which used to be separate but now they're one category, or you're a trespasser, and the duty of care changes tremendously depending on what status the insurance has or the plaintiff has. If you're an invitee or licensee, you get into the ordinary care analysis which I think is really what the plaintiffs have advocated for in this case and I'll touch on that a little bit later with some of the restatement sections. If you're a trespasser, the only duty of care is owed by a landowners to refrain from committing willful or wanton conduct that injures a plaintiff, unless some other exception to the rule applies. In this case, there's no evidence that the plaintiffs had any type of permission expressed or implied to come into contact with or break through the plane of the window that's at issue. So you can't qualify as an invitee or licensee, and the only thing that remains is a trespasser. Let's suppose that I'm knocked into the window, and I sort of bounce off of it, and there's a witness to suggest that that's what occurs. The window then breaks, while I'm lying on the sidewalk, and a large piece of glass from the top of the window falls and strikes me on the head while I'm lying on the sidewalk. Was I a trespasser? I think you're still a trespasser at the point in time that you come into contact. I think you're talking about a little bit of a different liability perspective of what happens if the glass exits from the property and then strikes somebody else. Almost reminds me of some of the Ray Sipsa case law that you read in torts class in law school. I think it was a flower pot that falls off the top of the building. There's certainly the potential for liability there, but when we're looking at, particularly the facts and circumstances of this case, the plaintiff's injury claims are that I was injured by your premises because we got knocked into it. And the restatement section 329 gives a prime example as to how this applies. It doesn't matter that the person did not intend to come in contact with the window. And one thing that hasn't been discussed in this case yet is the how, how the plaintiffs got to come into contact with the window. And in this case, it was the result of a negligent or tortious act. I think the circuit court had maybe opined that it was a criminal assault, but in any event, the allegation in the testimony is that a third party physically shoved the plaintiffs, causing them to come in contact with the window. The fact that they come into contact with it and it breaks and they become injured their trespassers on the property, unless they have permission to enter into the property or to come in contact with it in that means, and they didn't. And so that's what you're left with because those are the only two categories of entrance or plaintiffs when it comes to a premises liability case. If you're walking along a public sidewalk in Chicago next to a tall building and they have not taken care of a problem that they're aware of loose bricks and loose bricks come off the building and fall and strike you on the sidewalk. Is that measured under a willful and wanton standard because they're not invitees? I would say no because I don't know that it even qualifies as a premises liability claim at that point, because you're talking about there's something coming off the building and striking somebody so it's not somebody that is an entrant to the property, as much as ordinary negligence liability that's getting analyzed as opposed to the premises side. Wouldn't the plaintiff's claim in this case also then be subject to analysis under ordinary negligence? We don't think it is because the injury results from the plaintiff entering the property becoming an entrant to the property, as opposed to something from the property, exiting its property line and striking somebody that's on a lawful right away. When we get past that issue, there's no real substantive allegation or colorable argument that's been alleged throughout this case by the plaintiff of willful or wanton conduct that's been committed by any of the defendants. The way that it was pled in the complaint was pled as an issue of ordinary care, which we think was just the wrong type of legal analysis to this case. The plaintiff wants to rely on this restatement section 337. I was looking over this morning at another restatement section, which is 343, the restatement second of torts, which is the possessor of land argument that was used in RACI as it applies to invitees. And I think if you compare, as I understand the plaintiff's argument is they don't think that there should be a distinction between restatement section 343 and 337. But I don't think if you read those two restatement sections, there has to be a difference. And the comments suggest that. Restatement section 343, in particular comment D, talks about an invitee onto a property is entitled to have certain expectations. And one of those expectations is that the landowner is going to take affirmative action in a reasonable way to discover issues with their property, and then take action further action, either to warn or to make repairs, which the argument really in this case from the plaintiff's side is that this window should have been completely replaced, shouldn't have existed as it was, or that there should have been a warning. Restatement section 337 is different because number one, it only talks about highly dangerous artificial conditions, not just any condition on the property, highly dangerous. And then number two, it also discusses only the duty to warn. So there's no additional duty that's under restatement section 337 I think that's important in this case when you look at the overall facts and circumstances of how this played about. We don't think that the window qualifies as an artificial highly dangerous condition. It's not to say that windows can never be, we just don't think the facts and circumstances of this case award any type of inference to that extent. There's no issues as far as observable defects with the window, no history of cracking. Unlike the Racky case we don't have BB holes where maybe you can infer that the window is in a particular state that is more susceptible to being broken by slight touch. And in this case, what we have is the plaintiffs were physically shoved by a third party from the sidewalk area into the window with enough force to cause the glass to break and we think that's very distinguishable from the situation that was presented in the Racky case, on top of the fact that it was a completely different legal analysis that was used. Once you get past. Even if the plaintiff can get past that this isn't a highly dangerous artificial condition, then you get into the sub sections of the restatement section 337, the first of which the defendant has to know or have reason to know of the plaintiff's presence in dangerous proximity to the condition. The way that we believe this shakes out in the case law and also the restatement is that it's not enough to claim that a defendant knows people are going to walk on the sidewalk in front of their building, it has to be more specific to the area of trespass that they knew trespassers were in the area where the electrified rail was, and that they had plenty of knowledge of that, that existence. That's not in this case, the defendants have never admitted that there's no evidence of prior instances of anybody coming in contact with the window. There's no evidence of prior fights in that area. There's no evidence of anybody being shoved into the windows. And we think that really kind of takes it this restatement section out. Then you still have the third factor there, which applies to when the condition is of such a nature the defendant has reason to believe a trespasser, either will not discover to realize the danger. I think that's a little bit of an open and obvious type argument. In this case, we think that the window in its existence in its location was open obvious there's no evidence that there was any type of concealment. There's no testimony from the plaintiffs that they didn't realize it. And I think my time's just about up and I'll yield to Mr. Bush to continue on because I think he's got a lot of similar arguments that he can raise and additional points. Thank you. Thank you. Mr. Bush. Thank you, Your Honor, please the court counsel. You know, in any premises liability case, it's really, really important to determine what the status of the plaintiff is on defendants property plaintiffs was arguing in her comments that there was a duty owed to people on on the sidewalk, an ordinary care duty. And I'm not sure where that duty comes from. So, if we are talking about a true premises liability case we really do need to be disciplined about determining a, what is the status of these plaintiffs at the time that they were injured. And as Council for lemongrass pointed out, if you're going to be an invitee or licensee, the licensee, there needs to be either express or implied permission or consent to be on defendants property. That's never been pledged in this case, there's been no evidence presented, indicating that there was any such invitation or permission granted to these plaintiffs. So the only other choice is, is that of a, of a trespasser. And so, obviously the duty owed to a trespasser is far different than the duty owed to an invitee or licensee. The only duty owed to a trespasser is just refrain from using willful or wanton conduct to harm the plaintiffs and there's no evidence or even allegation of willful and wanton conduct on behalf of either defendant in this case. Mr. Bush, can I ask you a question. Council suggested that the experts report was compliant with Supreme Court rule 191 by the time your motion was heard. Do you agree with that. I do not agree with that your honor and let me give you my take on that. What happened was lemongrass filed their motion for summary judgment, and Roberts are joined in that motion. At the time of the oral hearing. The for the motion for summary judgment. The court had not yet ruled on riveters motion to join. And, and, and in fact I think denied it at that point to join, they went ahead and had the, the, the argument and hearing on the merits of lemongrass motion for summary judgment. At that point in time, when, when the substance of that argument was heard. There was no compliance with rule 191. Afterwards, we brought to the attention of the court that we had in fact filed a motion for joined her. And obviously, lemongrass and rabbits are in virtually identical situations on these premises liability issues. So the court retrospectively went back and said, we're going to grant the motion as relates to you. There was no separate hearing or motion on rabbits or his motion for summary judgment it was really the court going back and recognizing that these two defendants ought to be treated the same. And at what point did that happen that the court went back and did that at the day of the hearing was at a later date, it was at the time of the motion to reconsider I believe your honor. So, he had already issued a ruling in fact the initial ruling came out that granted lemongrass motion for summary judgment but was silent. As to rabbits or his motion. So then I filed a motion asking the court to expand its rulings to treat these defendants the same and reminded the circuit court that rabbits are had also joined in that motion. And so it was later after the motion for rehearing or reconsideration was heard that all that was was kind of weeded out. This case is a little bit different in the sense that we don't have intentional trespassing we have accidental trespassing. And as was pointed out earlier I really do believe that the, that the restatement the 329 comment really points out the fact that even if you are in the example given there was a person at a subway station on the platform, obviously is not trespassing on the platform but slips and falls onto the tracks is run over by a train. That person is deemed to be a trespasser because he had no permission to be on the tracks. And that's pretty much what we have here we have an accidental entrance into defendants premises, they were pushed with such force as to go through the window. And so notwithstanding the fact that that their intrusion into the premises was accidental. There's still under Illinois law deemed to be trespassers, and with that comes very limited duty and really the only duty comes along when we deal with this exception under 337. Mr Bush Can I ask a question. Yes. It would look like in fact they had to cross the property line before they even got to the pain of glass because this is not the glasses in three separate pains, the pain that they went through was the second pain which is actually on an angle inward, which looks to be past the, the front of the building, actually passed the property line itself so wouldn't they have already trespassed onto the property before they hit the glass. I think that's a fair comment and I would agree with that, you know, I don't know of any city that allows any, there's always going to be a setback building requirement, nobody's really allowed to build all the way up until their property line. Unfortunately, this record we don't have a survey which shows exactly where the property line comes and goes. What I think is easier about this case is the fact that not only do we have them crossing that imaginary property line that you just referenced your honor, but we have them actually making contact with and penetrating the window, which I think makes this, this case, all the more clear that we do have a trespasser situation here. I agree with Council for lemongrass that, that the exception that's set forth in the restatement of 337 really doesn't apply here that it's kind of a three pronged test. First, you got to get over the hurdle that this is a highly dangerous condition, artificial condition. And if you look at case law historically in Illinois on this issue, you're dealing with really, really highly dangerous conditions like like electrical wires, electrified rails railroad tracks wells, water hazards, things of that nature that are really highly highly dangerous in and of themselves. And we really don't have that here we have, we have a window. And, and we know from this very limited record that this window has been in place since 2005, probably a lot, lot before that for purposes of this purposes of this record. It was there since 2005. When my clients purchase this property. This incident occurs in 2017. During that 12 year period, there is zero evidence in this record that there were any problems whatsoever of anybody making contact with that window, or in any way being injured from that window. And so if you've got something that's highly dangerous that has resulted in zero injuries in this record. It's really difficult to consider that to be a highly dangerous condition. And then to compare this condition with the condition the Lee case is really not a fair comparison you've got a third rail in Lee that by its very nature if you touch it, you can have serious injury or die. There's really no indication that merely touching this window was going to cause anybody any problems and certainly his history has borne that out. So I don't believe that that first element been satisfied. The second element requires that that plaintiff show that defendants had reason to believe that that the trespassers would be in dangerous proximity to this condition. Again, there's really no evidence in this record of that. You know, the best evidence that plaintiffs has come up with is that there was people on the sidewalk and therefore the defendant should know that it's possible that people on the sidewalk, could encounter this window. While that is certainly true and I guess anything is possible. That's really not doesn't satisfy the requirement of foreseeability in my mind, because there has been no historical reason for any defendant to believe that this was going to be a dangerous condition for passersby. And then finally, we have the third element, which is, you know that defendants had reason to know that the plaintiffs would not discover this. This risk or this damage or rather this risk associated with the window. And what makes this interesting is when we took the plaintiff's deposition, he told us, this is Mr. Howard, he told us that he was a worked at a glass company. He was very familiar with plate glass windows, and that he knew the dangers associated with plate plate glass windows. Thank you. Time has expired. Thank you. Miss Franklin. Thank you, Your Honor. I just want to point out that the plate glass window at issue here does meet the qualifications to be deemed a highly dangerous artificial condition. As I state in my brief the plate glass window is similar to the third rail and Lee, and that it can cause death or serious injury by coming into contact with it just like that third rail, especially considering the condition of the plate glass window at issue here and that it was weathered and non maintained loose in the frame for the pictures and our expert report. Furthermore, like in the lead case the plate glass window here isn't dangerous until someone actually touches it, just like the third rail and Lee. Additionally, the rocky cake court found the plate, the plate glass window in that case to be a highly dangerous artificial condition on the defendants property in their, in their brief defendants site to the Zimba case. For the assertion that the plate glass window at issue here is not dangerous artificial condition. I think the facts of that case are not on point with the facts of our case in Zimba the property itself was not dangerous alone, but only became dangerous because of the car on that property pulling out onto the road. In the case at hand a plate glass window can and is highly dangerous. Just by itself, it doesn't require action, besides touching, just like in the rocky and Lee cases where it was found that those were dangerous artificial conditions. Therefore, I think it's clear that the plate glass window. In this case should be considered a highly dangerous artificial condition, especially considering that that building codes call for tempered glass in such areas as the window at issue here. And tempered glass is even used in some homes, given the common knowledge of the dangerousness of plate glass windows, especially in such highly trafficked areas. I also want to go back and talk about the reason to know standard of the restatement 337, I want to point out that reason to know only requires that they be aware of the possibility. You're not required to have prior incidences or prior knowledge of things like that happening. And I think that's important in this case. Furthermore, I would say that the plate glass window is not open and obvious. Because in just looking at the window you can't tell necessarily if it's plate glass or tempered, especially when you're just walking by or standing out front of it. Isn't that a consideration that is relevant when the plaintiff unknowingly chooses to encounter the condition, as opposed to here, where this third party was sort of the prime mover and events that caused them to encounter the glass. I would, I would say yes, our client didn't really have a choice in the matter. So, um, yes, I would I would say open and obvious is hard to argue here because he didn't even get to look at the window necessarily until his arm had gone through it and he was gravely injured. So, but it also impacts the duty to warn because there's no duty to warn something or somebody have something if they aren't making a decision where they would digest that information and act differently. I think the duty to warn could be that they may not have even been standing in that area had there been a warning sign saying this is a plate glass window no loitering chicken or egg though they've got to get in front of the building. I understand the argument, Your Honor, and I don't disagree with it. Um, I would assert that we have met all of the elements of Section 337, and thus the artificial highly dangerous condition exception should apply here, meaning that the Lee case applies and the duty of ordinary care applies here. Or at the very least we've raised genuine issues of material fact regarding the application of the trespasser exception here and that determination should have been left to the jury in this case, and not the trial court. Um, I also just further want to note that our expert report was indeed fixed and with a supplemental affidavit which we did not have possession of prior to filing the supplemental affidavit so arguably that could be considered new evidence, since we didn't have the affidavit prior to our supplemental filing of it. Thank you, Your Honor. Thank you, counsel will take this matter under advisement. Thank you for your arguments.